# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT DEQUAN BROWN,**

        **Plaintiffs,**

      v.                                                   **Case No. 20-CV-1131**

**CPT. CUSHING, *et al.*,**

        **Defendants.**

## ORDER

On June 22, 2022, following a telephonic status conference with *pro se* plaintiff Robert Dequan Brown and counsel for the defendants, the court scheduled a trial to begin on October 31, 2022. (ECF Nos. 60, 61.) The court set a final pretrial conference for October 12, 2022, at 10:00 a.m. by telephone. Brown failed to call in to participate in the final pretrial conference. As a result, the court cancelled the jury trial set for October 31, 2022, and ordered Brown to show cause no later than October 26, 2022, as to why the case should not be dismissed for failure to prosecute. *See* Civil Local Rule 41(c). The court warned Brown that, if he did not show cause, the action would be dismissed.

The October 26, 2022, deadline has passed and Brown has not filed a letter indicating that he wishes to continue with this lawsuit Accordingly, this case is dismissed for failure to prosecute. *See* Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that this case is **DISMISSED**. The clerk of court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 3rd day of November, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge